OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FAULKNER

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FAULKNER
2014 OK 67
Case Number: SCBD-6064
Decided: 07/15/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 67, __ P.3d __

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
M. CLYDE FAULKNER, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Upon consideration of the Oklahoma Bar Association's (OBA) May 20, 2014, application for an Order approving the resignation of M. Clyde Faulkner, #2846 pending disciplinary proceedings, this Court finds:

1. Mr. Faulkner filed his affidavit of resignation from membership in the OBA pending disciplinary proceedings on May 20, 2014, and surrendered his OBA membership card at that time.

2. Pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, Ch. 1, App. 1-A, Faulkner's affidavit of resignation reflects that:

a) Faulkner's resignation was freely and voluntarily rendered, was not the result of coercion and/or duress, and Respondent is fully aware of the consequences of his resignation;

b) Faulkner is aware that the General Counsel's Office of the OBA is investigating specific allegations of misconduct against him by Amy Hart. He agrees that the allegations, if proven, would constitute violations of his oath as an attorney, Rule 1.3 of the RGDP, and Rules 1.1, 1.3, 1.5, 1.15, and 8.4(a) and (c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, Ch. 1, App. 3-A. Respondent voluntarily waives any and all right to contest the allegations set forth in the OBA's Complaint, which are as follows:

On or about March 6, 2009, Mr. Faulkner received a settlement check for personal injuries suffered by his client. The check was in the amount of $18,000, which represented a $25,000 settlement, less $7,000, which was used as payment for his client's medical bills. Faulkner deposited the $18,000 check into his trust account, with $8,333.33 (one-third of the settlement amount) owed to him for attorney fees, and $9,666.67 remaining for his client. Respondent never distributed the remaining amount to his client, and his trust account balance dropped below $1,000 on January 13, 2010. During the pendency of the personal injury action, the client discharged Respondent and hired Amy Hart, who then filed the present grievance against Mr. Faulkner;

c) Respondent agrees that he may be reinstated only upon full compliance with the conditions and procedures specified by Rule 11 of the RGDP, and that he may apply for reinstatement in no fewer than five (5) years from the effective date of his resignation.

3. Additionally, Respondent's affidavit reflects that he is familiar with Rule 9.1 of the RGDP and he agrees to comply with all provisions therein within twenty (20) days following the date of his resignation.

4. Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that, should the OBA approve and pay such Client Security Fund claims, he will reimburse the principal amounts and applicable statutory interest prior to his filing of any application for reinstatement.

5. Respondent acknowledges and agrees that he is to cooperate with the General Counsel's Office of the OBA in identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and any client cases wherein he owes fees or refunds.

6. Finally, Respondent acknowledges that under Rule 8.2 of the RGDP, the approval or disapproval of his resignation is with the discretion of the Supreme Court of Oklahoma.

7. The OBA advises that it has incurred costs in its investigation of the above-stated matter and is seeking reimbursement of such costs. In compliance with this Court's order of June 16, 2014, the OBA filed its Application to Assess Costs, in which it seeks reimbursement of costs related to postage, service of process, and transcript and witness expenses. Respondent filed no response or objection, his five (5) days in which to do so having now lapsed.

¶2 IT IS THEREFORE ORDERED that Respondent's resignation pending disciplinary proceedings is approved, effective May 20, 2014.

¶3 IT IS FURTHER ORDERED that the name of M. Clyde Faulkner be stricken from the roll of attorneys. Pursuant to Rule 11.1(e) of the RGDP, Respondent may apply for reinstatement in no fewer than five (5) years from the effective date of Respondent's resignation. Repayment to the Client Security Fund for any funds expended because of Respondent's conduct shall be a condition of his reinstatement in accordance with Rule 11.1(b) of the RGDP, as well as his cooperation with the General Counsel's Office of the OBA in identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and any client cases wherein he owes fees or refunds. Respondent shall comply with Rule 9.1 of the RGDP within twenty (20) days following the date this Order is filed.

¶4 IT IS FURTHER ORDERED that Complainant's Application to Assess Costs is granted, and costs incurred by Complainant in its investigation of the above-stated matter shall be taxed against Respondent in the amount of $1,016.70, and in accordance with Rule 6.16 of the RGDP, shall be paid within ninety (90) days of the date this Order is filed.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 15th day of July, 2014.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.